# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

MARY PRINGLE, Individually and
On behalf of herself and all
Others similarly situated,

       Plaintiff,

v.

JPMORGAN CHASE & CO., a Foreign
Profit Corporation,

       Defendant
_____/

Case No.:

COLLECTIVE ACTION

JURY TRIAL

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MARY PRINGLE, individually, and on behalf of all others similarly situated who consent to their inclusion in a collective action, (hereinafter referred to as "Plaintiff" or "Pringle"), by and through her undersigned counsel, sues Defendant, JP MORGAN CHASE & CO. (hereinafter referred to as "Defendant" or "Chase"), pursuant to 29 U.S.C. 216(b), the Fair Labor Standards Act (the "FLSA"), and states as follows:

### PRELIMINARY STATEMENT

1.      Pringle brings this action for violation of federal wage and hour laws by and on behalf of all similarly situated current and former employees of Chase.

2.      Pursuant to policy and plan, the Pringle and similarly situated current and former employees have been subjected to unlawful pay practices and time reporting by Chase to avoid compensating them for all time worked and for time worked in excess of forty (40) hours per week.

3.      Chase failed to pay Pringle and similarly situated employees in accordance

with the FLSA.  Specifically, Pringle and similarly situated employees were not paid time and one half of their regular rate pay for all hours worked in excess of forty (40) hours per week.

4.      Chase failed to pay Pringle and similarly situated employees in accordance with Florida Statute §448.08 as Chase has failed to pay Pringle and similarly situated employees for all hours worked for Chase in any given pay period.

5.      In this pleading, the term "Senior Loan Processor" means any employee with the title of Senior Loan Processor, Mortgage Processor or any other title or position where employees perform substantially the same work as employees with that title (discovery may reveal additional job titles and employees that should be included).

6.      In this pleading, "Defendant" means the named Defendant: JP MORGAN CHASE & CO., and any other corporation, organization or entity responsible for the employment practices complained of herein (discovery may reveal additional Defendants that should be included).

7.       The allegations in this pleading are made without any admission that, as to any particular allegation, Pringle bears the burden of pleading, proof, or persuasion. Pringle reserves all rights to plead in the alternative.

<u>**JURISDICTION AND VENUE**</u>

8.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, because this action involves a Federal Statute, 29 U.S.C. § 216 (b).

9.      This Court has supplemental jurisdiction with respect to claims arising under state law pursuant to 28 U.S.C. § 1367.

10.      This Court has personal jurisdiction over this action, because Chase

operates substantial business in Hillsborough County, Florida and the damages at issue occurred in Hillsborough County, Florida.

11.     Venue is proper to this Court pursuant to 29 U.S.C. § 216(b).

### The Representative Plaintiff

12.     Pringle resides in Hillsborough County, Florida.

13.     Pringle has worked for Chase from on or about February of 2000 until on or about November 5, 2012, and held the position of Senior Loan Processor from April 2012 until her employment terminated.

14.     At all times pertinent to this lawsuit, Pringle worked from Chase's location at 4919 Memorial Hwy, Tampa, Florida 33634.

15.     Pringle was deemed by Chase to be a full-time salaried employee during her employment.

### The Defendant

16.     Chase is a Foreign Profit Corporation, with its principal place of business located at 270 Park Avenue, New York, New York.

17.     Chase owns and operates approximately five thousand one hundred (5,100) banks throughout the United States including banks in Tampa, Hillsborough County, Florida.

18.     Chase also owns and operates mortgage processing centers throughout the United States including one in Tampa, Hillsborough County, Florida

19.     Chase's core services are banking, financing, and various credit services.

20.     Chase qualifies for and is subject to both traditional and enterprise coverage under the FLSA for all the relevant time periods contained in this Complaint.

Said differently, Chase is subject to the Fair Labor Standards Act.

21.     At all relevant times Chase has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA 29 U.S.C. §§ 206(a) and 207(a).

22.     Pringle was an employee of Chase within the meaning of FLSA § 203.

23.     Upon information and belief Chase's revenues exceed Ninety Seven Billion Dollars ($97,000,000,000.00) annually.

## GENERAL ALLEGATIONS

24.     The FLSA provides that, with certain exceptions, employers must pay employees minimum wages for all compensable hours worked and overtime of at least one and one-half times their regular rate of pay for any hours over forty worked in a week. 29 U.S.C. §§ 206, 207(a)(1).   The Act exempts certain employees from the minimum wage and overtime requirements.   However, an "employer who claims an exemption from the FLSA has the burden of showing that the exemption applies" *See Donovan v. Nekton*, Inc., 703 F.2d 1148, 1151 (9th Cir. 1983).

25.     Pursuant to the FLSA, the test for the executive exemption (which is nearly identical to the administrative exemption) requires that an employee's main, principal and "primary duty" consists of the "management of the enterprise" in which he or she is employed.   In addition, the executive employee's work must include "the customary and regular direction" of work of two or more employees, including the hiring and firing processes and "customarily and regularly exercises discretionary powers."   The regulations define an exempt administrative employee as one whose "*primary duty*" consists of "office or non-manual work."   A high degree of discretion and independence

is also required by the employee for a successful classification under the executive and administrative exemptions.

26.     In addition, the FLSA exemption for learned professionals requires advanced knowledge with work that is "predominately intellectual in character, and which includes work requiring the consistent exercise of discretion and judgment," the advanced knowledge must be in a field of science or learning, and the advanced knowledge must be acquired by a prolonged course of specialized intellectual instruction. *See* 29 C.F.R. § 541.301 (emphasis added).  As stated by the regulation code, "employees who normally perform a great deal of routine work" do not qualify as exempt professionals.  29 C.F.R. § 541.301(3)(5).

27.     Pringle and putative class members cannot be classified as learned professionals because their work consists of a great deal of routine work including but not limited to; filling in information on forms, following a twenty five (25) step-by-step loan processing system, calling clients to gather information, and various other paperwork.

28.     As Senior Loan Processor Pringle had the responsibilities of processing loans for refinancing, filling in information on forms, following a twenty five (25) step-by-step loan processing system, calling clients to gather information, and various other paper work.

29.     At all times pertinent Chase had a uniform pay policy for employees.

30.     During Pringle's employment with Chase she worked over forty (40) hours in a week working to close files almost every week as a Senior Loan Processor.

31.     It was mandatory for employees to get to Chase by seven (7) in the morning to start overtime.

32.     In order to get paid for time worked Pringle would have to clock in on the hour to get credit for working for that given hour. If Pringle clocked in seven (7) minutes late for an hour, she would not be compensated for that time.

33.     Also in order to get paid for time worked Pringle would have to clock out at the top of the hour to get credit for the time spent working in excess of the top of the last hour.  If Pringle clocked out even seven (7) minutes after the hour she would not be compensated for that time.

34.     On a continuous basis Pringle would clock in to work at times past the top of the hour.

35.     On a continuous basis Pringle would clock out of work at times past the top of the hour.

36.     Pringle was not compensated for any times in excess of the top of the hour.

37.     Pringle was not compensated for any times in deficit of the top of the hour.

38.     Pringle also worked during her lunch break. She was not compensated for that time by Chase.

39.     Pringle worked in excess of forty (40) hours per week, for which she was not compensated for.

40.     Pringle was not compensated for all time worked for Chase in a given pay period.

41.     Chase knew Pringle worked in excess of forty (40) hours per week, for which she was not compensated.

42.    Chase knew Pringle was not compensated for all time worked in a given pay period.

43.    Upon information and belief, Chase has one hundred (100) or more Senior Loan Processors and/or Loan Processors.

44.    All company policies, pay-practices and employment oversight is conducted from Chase's corporate offices in a uniform policy.

45.    Chase is obligated by the Fair Labor Standards Act to compensate each employee for all hours worked.

46.    Chase willfully engaged in practices that denied Pringle and other similarly situated employee's overtime compensation under the FLSA.

47.    Chase is required, pursuant to the FLSA, to record time records for all non-exempt employees.

48.    All administrative requirements have been satisfied.

## CLASS ALLEGATIONS

49.    Pringle brings this suit on behalf of a collective class of similarly situated persons composed of:

### Sub-Class A: Senior Loan Processors and Loan Processors

All employees who currently or were formally employed by Chase as Senior Loan Processor and Loan Processor in the past three years preceding this lawsuit, who worked at least one hour more than 40 hours in a given workweek, and received less than time and one-half of their regular rate of pay for hours worked over 40, in a week and who weren't paid for all hours worked in a given week and who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b) (hereinafter the "Sub-Class A").

50.     Pringle alleges on behalf of the Putative Class who elect to opt-in to this action that they are entitled to unpaid overtime wages, as required by 29 U.S.C. § 207 and unpaid wages as required by Florida Statute *§448.08.*

51.     The exact number of the members of the Class is unknown to Pringle at this time and can only be ascertained through appropriate discovery.

52.     As a result of Chase's violations of the FLSA, Pringle and members of the Class were illegally and grossly under-compensated for their work.

53.     Although the FLSA provides for certain exemptions to the mandates of paying minimum wages and overtime compensation, no exemptions apply in the instant matter.

54.     Unless proven to be exempt from the protection of the FLSA, all employees are entitled to premium overtime pay for work in excess of forty (40) hours per week and at least the minimum wage for all hours worked.

55.     Pringle and members of the Class were/are required to work overtime hours, in order for Chase to gain the most amounts of profit and save money on labor costs.

56.     Evidence reflecting the precise number of overtime hours worked by Pringle and every other member of the Class, as well as the applicable compensation rates, is in the possession of the Chase.   If these records are available, Pringle and members of the Class may establish the hours they worked solely by their testimony, and the burden of overcoming such testimony shifts to the employer.   *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680 (1946).

57.     Pringle will fairly and adequately protect the interests of the Class and have retained counsel that is experienced and competent in class/collective actions and employment litigation.  Pringle has no interest that is contrary to, or in conflict with, members of the Class.

58.     A collective action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of this lawsuit.  The damages suffered by individual members of the Class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Class to individually seek redress for the wrongs done to them.

59.     A collective action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.  Absent these actions, the members of the Class likely will not obtain redress of their injuries, and Chase will retain the proceeds of their violations of the FLSA.

60.     Furthermore, even if any member of the Class could afford individual litigation against Chase, it would be unduly burdensome to the judicial system.  The instant methodology, when compared to voluminous individual actions, has fewer management difficulties and provides the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court.  Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual members of the Class, and provide for judicial consistency.

61.     There is a well-defined community of interest in the questions of law and fact affecting the Class as a whole.  The question of law and fact common to each of the Class predominate over any questions affecting solely individual members of the action.

Among common questions of law and fact are:

    a.   Whether Chase employed members of the Class within the applicable meaning of the FLSA;

    b.   Whether Chase failed to pay Pringle and the members of the Class all overtime compensation due to them by virtue of their uniform pay practices;

    c.   Whether Chase failed to pay Pringle and the members of the Class wages for all hours worked due to them by virtue of their uniform pay practices;

    d.   Whether Chase and members of the Class were expected, and/or mandated to regularly work hours in excess of forty (40) per week;

    e.   Whether Chase failed to maintain and preserve accurate and true records of all hours worked and wages earned by the Class; and

    f.   Whether Pringle and the Class have sustained damages, and if so, what the proper measure of damages are.

62.    Pringle knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance.

63.    Pursuant to 20 U.S.C. § 216, Pringle seeks to prosecute the FLSA claims as a collective action on behalf of the Class.

64.    Notice of the pendency and any resolution of this action can be provided to Putative members of the class by mail, print, and/or internet publication.

65.    Pringle brings this action as a collective action pursuant Section 216(b) of the FLSA.

## COUNT I

## OVERTIME DUE UNDER THE FLSA, 29 U.S.C. § 207

66.    Pringle re-alleges and incorporates herein the allegations contained in paragraphs one (1) through sixty-five (65) as if fully set forth in this Count.

67.    At all relevant times, Chase employed Pringle and each member of the

Class within the meaning of the FLSA.

68.     Chase has a policy and practice of refusing or failing to pay overtime compensation due to its employees for hours worked in excess of forty (40) hours per week.

69.     Chase's failure to pay Pringle, and all other members of the Class, overtime compensation at a rate no less than time and on-half(1.5) times their regular rate of pay for hours worked over forty (40) in a given workweek is a violation of the FLSA, in particular, 29, U.S.C. § 207.

70.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(A).

71.     Due to Chase's FLSA violations, Pringle, and the members of the Class, have suffered damages, and are entitled to recover from Chase the unpaid overtime compensation, an additional amount equal as liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Pringle prays for the following relief:

a.      An Order designating this action as a collective action and issuance of notice;

b.      An Order designating this action as a collective action and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to §216(b), and that this notice be sent to all past and present employees of Chase at any time during the three year period immediately preceding the filing of this suit, through and including the date of this Court's issuance of the Court Supervised Notice;

c.      An order appointing Pringle and her counsel to represent the Class;

d. A judgment finding that Chase willfully and in bad faith violated the overtime compensation provisions of the FLSA;

e. That the Court award Pringle and the members of the putative Class, overtime compensation for all the previous hours worked over forty (40) hours that they did not receive at least one and one-half time compensation for, in any given week during the past three years, AND liquidated damages of an equal amount of the owed overtime; in addition to penalties and interest on said award pursuant to §216 of the FLSA;

f. That the Court award Plaintiff Pringle, a collective action representative incentive fee for their efforts and time dedicated to bringing justice through this action and the extra efforts they put in for leading this litigation;

g. An order awarding attorneys' fees and costs pursuant to § 216 of the FLSA; and,

h. That the Court award any other legal and equitable relief as this Court may deem appropriate.

## COUNT II

### UNPAID WAGES AND ATTORNEYS' FEES PURSUANT TO *F.S. §448.08*

1. Pringle re-alleges and incorporates herein the allegations contained in paragraphs one (1) through sixty-five (65) as if fully set forth in this Count.

2. Chase failed to provide payment for Pringle and each member of the Class during employment with Chase.

3. Pringle was still employed by Chase on those dates as her employment was active until November of 2012.

4. Pursuant to *F.S. §448.08*, Chase is required to pay wages to an employee while under their employment.

5. Chase was in violation of *F.S. §448.08* with regard to unpaid wages to Pringle and each member of the Class for every pay period they did not pay Pringle and

each member of the Class for all hours worked.

6.      Chase has willfully and intentionally engaged in a practice of violating the provisions of *F.S. §448.08*, by improperly failing and/or refusing to pay Pringle and each member of the Class their wages for all hours worked.

7.      Chase knew or should have known that failing to pay an employee for all time worked is a violation of *F.S. §448.08*.

8.      As a result of Chase's actions in failing to pay Pringle and each member of the Class for all hours worked Pringle and each member of the Class has suffered damages by Chase's violation of *F.S. §448.08*.

9.      Chase has not made a good faith effort to comply with *F.S. §448.08* with respect to Pringle and each member of the Class.

10.     As a result of Chase's unlawful acts, Pringle and each member of the Class has been deprived of wages in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages in amount equal to the wages due, prejudgment interest, attorneys' fees under *F.S. §448.08*, costs and other compensation under *F.S. §448.08*.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Mary Pringle demands judgment as follows:

  a.   That the Court enjoin Chase from continuing its unlawful employment practices;

  b.   That compensatory and liquidated damages be assessed against Chase for compensatory and emotional stress suffered as a result of the wrongful acts;

  c.   That punitive damages be assessed against Chase as a result of the intentional willfulness and wrongful acts;

d.      Prejudgment interest and back pay;

e.      That Chase be ordered to pay to Pringle and each member of the Class all reasonable attorneys' fees under *F.S. §448.08* plus costs of suit;

f.      That the Court grant Pringle and each member of the Class such other relief as may be just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Pringle demands a trial by jury on all questions of fact raised by this Complaint and on all other issues so triable.

Respectfully submitted,

Date:   <u>July 2, 2013</u>          <u>*/s/ Dennis A. Creed, III*</u>
                                    Dennis A. Creed, III
                                    Florida Bar No. 43618
                                    FELDMAN MORGADO, P.A.
                                    501 N. Reo Street
                                    Tampa, FL 33609
                                    Tel: (813) 639-9366 – Fax (813) 639-9376
                                    *Attorney for Plaintiff, Mary Pringle*